2009R00763/JWR

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

UNITED STATES OF AMERICA    :

                    :    Criminal No. 13- *495 (ES)*

    v.                  :

                    :    18 U.S.C. §§ 1014, 1341, 1343, 1344,
                                          1349, 152(1), 153(2), 153(3), and § 2
GIUSEPPE GIUDICE,        :     26 U.S.C. § 7203
  a/k/a "Joe Giudice," and
TERESA GIUDICE         :

## I N D I C T M E N T

The Grand Jury in and for the District of New Jersey, sitting

at Newark, charges:

### COUNT 1
(Conspiracy to Commit Mail Fraud and Wire Fraud)

#### Introduction

1.  At all times relevant to Count 1 of this Indictment:

A.  Defendant GIUSEPPE GIUDICE, a/k/a "Joe Giudice,"

(hereinafter "defendant GIUSEPPE GIUDICE") was a resident of Morris

County, New Jersey.

B.  Defendant TERESA GIUDICE (hereinafter "defendant

TERESA GIUDICE") was a resident of Morris County, New Jersey and was

the wife of defendant GIUSEPPE GIUDICE.

C.  Defendant GIUSEPPE GIUDICE was self-employed and

received income.

D.  From in or about January 2001 through in or about May

2008, defendant TERESA GIUDICE was unemployed and received no income.

E.   The following were financial institutions, within the meaning of Title 18, United States Code, Section 20, whose deposits were insured by the Federal Deposit Insurance Corporation ("FDIC") and who were engaged in the business of making mortgage and other loans to the public (collectively, the "Financial Institution Lenders"):

> i.   The Park Avenue Bank, with offices in New York ("Park Avenue");
>
> ii.   Wachovia, now Wells Fargo, with offices in New Jersey ("Wachovia");
>
> iii.   Sterling Bank, with offices in New Jersey ("Sterling"); and
>
> iv.   Community Bank of Bergen County, with offices in New Jersey ("CBBC").

F.   The following entities were engaged in the business of making mortgage and other loans to the public (collectively, the "Non-Financial Institution Lenders").

> i.   HomeComings Financial Network, Inc., with offices in New Jersey and Minnesota ("HomeComings");
>
> ii.   Eastern American Mortgage Company, with offices in New Jersey ("Eastern American");
>
> iii.   Alterna Mortgage Company, with offices in New Jersey ("Alterna");

The Financial Institution and Non-Financial Institution Lenders, when discussed collectively, are referred to as the "Lenders."

## The Conspiracy

2. From in or about September 2001 through in or about September 2008, in Morris and Passaic Counties, in the District of New Jersey and elsewhere, defendants

GIUSEPPE GIUDICE,
a/k/a "Joe Giudice," and
TERESA GIUDICE

did knowingly and intentionally conspire and agree with each other and others to devise a scheme and artifice to defraud the Lenders and to obtain money from the Lenders by means of materially false and fraudulent pretenses, representations, and promises; and, for the purpose of executing such scheme and artifice, to use the United States mails or private or commercial interstate carriers and wire communications in interstate commerce, contrary to Title 18, United States Code, Sections 1341 and 1343.

## Object of the Conspiracy

3. The object of the conspiracy was for defendants GIUSEPPE GIUDICE and TERESA GIUDICE to submit or cause to be submitted materially false and fraudulent mortgage and other loan applications and supporting documents to the Lenders in order to fraudulently cause the Lenders to fund mortgage and other loans to the defendants, including through the use of the U.S. Mail or private or commercial interstate carrier and wire communications in interstate commerce.

## Manner and Means of the Conspiracy

4. It was a part of the conspiracy that defendants GIUSEPPE

3

GIUDICE and TERESA GIUDICE would falsely represent on loan applications and supporting documents submitted to the Lenders that they were employed and/or receiving substantial salaries when, in fact, they were either not employed or not receiving such salaries.

5.  It was further part of the scheme and artifice to defraud that defendants GIUSEPPE GIUDICE and TERESA GIUDICE would create, or cause to be created, and then submit or cause to be submitted to the Lenders false and fraudulent federal personal income tax returns, IRS Forms W-2, paystubs, and other documents that purported to provide evidence of defendants' employment and salaries.

<u>Fraudulent Activity</u>

6.  In furtherance of the scheme and artifice to defraud and to effect the unlawful object thereof, defendants GIUSEPPE GIUDICE and TERESA GIUDICE committed and caused to be committed the following acts:

A.  In or about September 2001, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused to be prepared a loan application, which they then caused to be submitted to HomeComings.  The loan application falsely stated that defendant TERESA GIUDICE was employed as an Executive Assistant by Modern Era Investment Corp. with a monthly salary of $3,750 and that she had been so employed for four years.  In support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE created, caused to be created, and caused to be submitted to HomeComings false and fraudulent Forms

4

W-2 and paystubs purportedly issued by Modern Era Investment Corp. In further support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to HomeComings and other entities and individuals involved with the closing of the loan. In fact, defendant TERESA GIUDICE was not employed by Modern Era Investment Corp., but was unemployed. Based on the false and fraudulent loan application and supporting documentation, on or about December 21, 2001, defendant TERESA GIUDICE received a mortgage loan from HomeComings in the approximate amount of $121,500.

B.   In or about June 2004, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused to be prepared a loan application, which they then caused to be submitted to Eastern American. The loan application falsely stated that defendant TERESA GIUDICE was a self-employed owner of G&G Stucco with a monthly salary of $14,750 and that she had been so employed for seven years. In further support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to Eastern American and other entities and individuals involved with the closing of the loan. In fact, defendant TERESA GIUDICE was not employed by G&G Stucco, but was unemployed. Based on the false and fraudulent loan application and supporting documentation, on or about June 30, 2004, defendant TERESA GIUDICE received a mortgage loan from Eastern American in the

5

approximate amount of $20,200, which was funded by interstate wire transfer from outside New Jersey to New Jersey.

C. In or about March 2005, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused to be prepared two loan applications, which they then caused to be submitted to Alterna. The loan applications falsely stated that defendant TERESA GIUDICE was a self-employed owner of G&G Stucco with a monthly salary of $12,100 and that she had been so employed for six years. In further support of the loan applications, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to Alterna and other entities and individuals involved with the closing of the loan. In fact, defendant TERESA GIUDICE was unemployed. Based on the false and fraudulent loan applications and supporting documentation, on or about March 18, 2005, defendant TERESA GIUDICE received mortgage loans from Alterna in the approximate amount of $141,550, which were funded by interstate wire transfer from outside New Jersey to New Jersey.

D. In or about November 2005, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused to be prepared a loan application, which they then caused to be submitted to Park Avenue. In support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE created, caused to be created, and caused to be submitted to Park Avenue false and fraudulent tax returns and Forms W-2. In further support of the loan application, defendants GIUSEPPE GIUDICE and

6

TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to Park Avenue and other entities and individuals involved with the closing of the loan. Based on the application and false and fraudulent supporting documentation, on or about January 30, 2006, defendants GIUSEPPE GIUDICE and TERESA GIUDICE received a construction loan from Park Avenue in the approximate amount of $800,000.

      E. In or about December 2006, defendant GIUSEPPE GIUDICE applied for a loan from Wachovia. In support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE created, caused to be created, and caused to be submitted to Wachovia a false and fraudulent tax return. In further support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to Wachovia and other entities and individuals involved with the loan. Based on the application and false and fraudulent supporting documentation, on or about December 11, 2006, Wachovia approved a home equity line of credit to defendant GIUSEPPE GIUDICE, from which he withdrew approximately $251,360 from in or about December 2006 through in or about February 2009.

      F. In or about February 2007, defendant GIUSEPPE GIUDICE applied for a loan from Wachovia. In support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE created, caused to be created, and caused to be submitted to Wachovia false

and fraudulent tax returns and Forms W-2. In further support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to Wachovia and other entities and individuals involved with the loan. Based on the application and false and fraudulent supporting documentation, on or about February 15, 2007, Wachovia approved a home equity line of credit to defendant GIUSEPPE GIUDICE, from which he withdrew approximately $170,252 in or about February 2007.

G. In or about February 2008, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused to be prepared a loan application, which they then caused to be submitted to Sterling. In support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE created, caused to be created, and caused to be submitted to Sterling false and fraudulent Forms W-2. In further support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to Sterling and other entities and individuals involved with the closing of the loan. Based on the application and false and fraudulent supporting documentation, on or about March 14, 2008, Sterling issued a construction loan to defendants GIUSEPPE GIUDICE and TERESA GIUDICE in the approximate amount of $1,700,000, which was funded by interstate wire transfer from outside New Jersey to New Jersey.

8

H.   In or about July 2008, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused to be prepared a loan application, which they then caused to be submitted to CBBC.   The loan application falsely stated that defendants had a private bank account containing $500,000.   In support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE created, caused to be created, and caused to be submitted to CBBC false and fraudulent tax returns and Forms W-2.   In further support of the loan application, defendants GIUSEPPE GIUDICE and TERESA GIUDICE caused documents to be sent via the U.S. Mail or private or commercial interstate carrier to CBBC and other entities and individuals involved with the closing of the loan.   Based on the false and fraudulent loan application and supporting documentation, on or about September 12, 2008, CBBC approved a mortgage loan to defendants GIUSEPPE GIUDICE and TERESA GIUDICE in the approximate amount of $1,720,000, which was disbursed on or about September 19, 2008.

In violation of Title 18, United States Code, Section 1349.

9

COUNTS 2 - 6
(Bank Fraud)

1.   Paragraphs 1 and 6D through 6H of Count 1 of this Indictment are hereby realleged and incorporated as if set forth in full herein.

2.   In or about the dates set forth below, defendants GIUSEPPE GIUDICE and TERESA GIUDICE did knowingly and intentionally execute and attempt to execute a scheme and artifice to defraud financial institutions, and to obtain money, funds, assets and other property owned by, and under the custody and control of, financial institutions, by means of materially false and fraudulent pretenses, representations and promises, as described below:

| COUNT | DATE | FINANCIAL INSTITUTION | AMOUNT |
|-------|------|-----------------------|--------|
| 2 | November 2005 to January 2006 | Park Avenue | $800,000 |
| 3 | December 2006 to February 2009 | Wachovia | $251,360 |
| 4 | February 2007 | Wachovia | $170,252 |
| 5 | February 2008 to March 2008 | Sterling | $1,700,000 |
| 6 | July 2008 to September 2008 | CBBC | $1,720,000 |

In violation of Title 18, United States Code, Section 1344 and Section 2.

COUNTS 7 - 11
(Loan Application Fraud)

1.   Paragraphs 1 and 6D through 6H of Count 1 of this Indictment are hereby realleged and incorporated as if set forth in full herein.

2.   In or about the dates set forth below, defendants GIUSEPPE GIUDICE and TERESA GIUDICE did knowingly make false statements and reports for the purpose of influencing the actions of the Financial Institution Lenders upon their loan applications as follows:

| COUNT | DATE | FINANCIAL INSTITUTION | FALSE INFORMATION |
|-------|------|-----------------------|-------------------|
| 7 | November 2005 | Park Avenue | Tax Returns; Forms W-2 |
| 8 | December 2006 | Wachovia | Tax Return |
| 9 | February 2007 | Wachovia | Tax Returns; Forms W-2 |
| 10 | February 2008 to March 2008 | Sterling | Forms W-2 |
| 11 | July 2008 to September 2008 | CBBC | Assets; Tax returns; Forms W-2 |

In violation of Title 18, United States Code, Section 1014 and Section 2.

COUNT 12
(Bankruptcy Fraud)

1.  Paragraph 1 of Count 1 of this Indictment is hereby realleged and incorporated as if set forth in full herein.

### A. The Bankruptcy Process

2.  A voluntary bankruptcy case is begun by the filing of a bankruptcy petition, and the person who files that petition is a "debtor" under federal bankruptcy law.  The process is conducted in a federal court and is governed by the United States Bankruptcy Code, which is found in Title 11 of the United States Code.

3.  Upon the filing of a bankruptcy petition, a debtor is required by law to fully disclose his or her financial circumstances, including, among other things, assets, liabilities, income from prior years, and any anticipated increase in income.  Assets include real, personal, tangible and intangible property, whether or not the asset is held in the debtor's name or held in the name of another person or entity on behalf of the debtor.  A bankruptcy "estate" is created upon the filing of a bankruptcy petition, which is a collective reference to all legal or equitable interests of the debtor in property at the time of the bankruptcy filing.  The estate includes all property in which the debtor has an interest, even if it is owned or held by another person.

4.  The financial circumstances of the debtor are disclosed to the bankruptcy court by the debtor in a series of bankruptcy forms

12

called the "Schedules of Assets and Liabilities," and on a separate bankruptcy form called a "Statement of Financial Affairs." These forms are signed by the debtor under penalty of perjury.

5.   If a bankruptcy trustee is assigned to the bankruptcy case, he or she is responsible for the administration of the debtor's bankruptcy estate, including the identification and liquidation of assets and the distribution of proceeds to creditors. All debtors are required to attend a Section 341 Meeting of Creditors, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs, including, but not limited to, the bankruptcy petition, the Schedules of Assets and Liabilities, and the Statement of Financial Affairs.

6.   If necessary, other types of proceedings may be held in relation to bankruptcy cases, such as Rule 2004 examinations, at which the debtor is placed under oath by the bankruptcy trustee and questioned about his or her financial affairs.

7.   Bankruptcy provides debtors with an opportunity to obtain a fresh financial start through the discharges of their debts. A discharge depends upon the debtor's disclosure of a true and accurate picture of his or her financial affairs.

B. Introduction

8.   At all times relevant to Count 12 of this Indictment:

A.   On or about October 29, 2009, defendants GIUSEPPE GIUDICE and TERESA GIUDICE filed and caused the filing of a voluntary

13

petition for relief under Chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of New Jersey, in the proceeding entitled In re: Teresa and Giuseppe Giudice, Case No. 09-39032 (the "Bankruptcy Petition").

B.   On October 29, 2009, defendants GIUSEPPE GIUDICE and TERESA GIUDICE filed and caused the filing of documents relating to their Bankruptcy Petition, including a Statement of Financial Affairs and Schedules of Assets and Liabilities.   The defendants signed these documents under penalty of perjury.

C.   On or about December 17, 2009, January 8, 2010, and March 2, 2010, defendants GIUSEPPE GIUDICE and TERESA GIUDICE filed and caused the filing of amended documents relating to their Bankruptcy Petition, including amended Statements of Financial Affairs and Schedules of Assets and Liabilities.   The defendants signed these documents under penalty of perjury.

D.   On or about December 23, 2009, April 23, 2010, April 30, 2010, and December 15, 2010, defendant GIUSEPPE GIUDICE testified under oath in connection with the bankruptcy proceedings.   On or about December 23, 2009, April 23, 2010, and June 29, 2011, defendant TERESA GIUDICE testified under oath in connection with the bankruptcy proceedings.

E.   On or about August 26, 2011, defendant GIUSEPPE GIUDICE and the United States Trustee filed a consent order in the United States Bankruptcy Court for the District of New Jersey in which

the parties agreed that defendant GIUSEPPE GIUDICE would be denied a bankruptcy discharge.  On or about September 6, 2011, a Judge of the United States Bankruptcy Court for the District of New Jersey approved the consent order.

    F.  On or about December 7, 2011, defendant TERESA GIUDICE and the United States Trustee filed a consent order in the United States Bankruptcy Court for the District of New Jersey in which the parties agreed that defendant TERESA GIUDICE would be denied a bankruptcy discharge.  On or about December 15, 2011, a Judge of the United States Bankruptcy Court for the District of New Jersey approved the consent order.

    G.  TG Fabalicious Limited Liability Company d/b/a TG Fabulicious LLC ("TG Fabulicious") was a limited liability company existing under the laws of the State of New Jersey that was formed on or about April 20, 2009.  Defendant TERESA GIUDICE was the sole member/manager of TG Fabulicious.

    H.  On or about May 18, 2009, defendant TERESA GIUDICE registered the website domain name tgfabulicious.com, and soon thereafter began selling fashion merchandise on this website. Proceeds from the sales were deposited into a business bank account that defendant TERESA GIUDICE had established at a bank in New Jersey on or about April 21, 2009 (the "TG Fabulicious Bank Account").   The TG Fabulicious Bank Account was closed in or about March 2011.

    I.  On or about August 12, 2009, defendant TERESA GIUDICE

filed a trademark application with the United States Patent and Trademark Office for the mark "Fabulicious."

J.   Name Brand Clothing Limited Liability Company ("Name Brand") was a limited liability company existing under the laws of the State of New Jersey that was formed on or about February 12, 2009. Defendant GIUSEPPE GIUDICE was the sole member/manager of Name Brand. From in or about February 2009 through in or about July 2009, Name Brand had a business bank account in New Jersey (the "Name Brand Bank Account").

K.   1601 Maple Avenue, LLC ("1601 Maple Avenue") was a limited liability company existing under the laws of the State of New Jersey that was formed in or about August 2008.   Defendant GIUSEPPE GIUDICE was the sole member/manager of 1601 Maple Avenue. 1601 Maple Avenue collected rent from tenants at a gas station located at 1601 Maple Avenue in Hillside, New Jersey.   From in or about January 2009 through in or about December 2009, 1601 Maple Avenue had a business bank account in New Jersey ("1601 Maple Avenue Bank Account").

L.   Turo Fuel Corporation d/b/a Turbo Fuel Corporation ("Turbo Fuel") was a Domestic Profit Corporation existing under the laws of the State of New Jersey that was formed in or about December 2008.   Defendant GIUSEPPE GIUDICE was the sole member/manager of Turbo Fuel.   From in or about January 2009 through in or about December 2009, Turbo Fuel had a business bank account in New Jersey

(the "Turbo Fuel Bank Account").

      M.  In or about July 2005, defendant TERESA GIUDICE purchased a residential property in Lincoln Park, New Jersey (the "Rental Property").  On or about April 1, 2009, defendant GIUSEPPE GIUDICE entered into a lease with a tenant to rent the Rental Property on a monthly basis (the "Rental Property Lease").  From in or about April 1, 2009 through in or about January 2012, defendants GIUSEPPE GIUDICE and TERESA GIUDICE received approximately $42,968 in rental income under the terms of the Rental Property Lease (the "Rental Property Income").

      N.  From in or about June 2008 through the filing of the Bankruptcy Petition, defendant TERESA GIUDICE received income of approximately $110,677 from various sources, including her work as an actress on the television show "The Real Housewives of New Jersey" (the "Television Show"), sales from the tgfabulicious.com website, and payments from personal and magazine appearances.

      O.  On or about June 5, 2009 and August 27, 2009, defendants GIUSEPPE GIUDICE and TERESA GIUDICE signed agreements in connection with then-upcoming Season Two of the Television Show whereby they would receive approximately $110,000 in compensation.

<u>B. The Scheme to Defraud</u>

    9.  Beginning on or about October 29, 2009, and continuing through at least on or about December 15, 2011, in the District of New Jersey, defendants GIUSEPPE GIUDICE, a/k/a "Joe Giudice," and

TERESA GIUDICE devised a scheme and artifice to defraud by means of materially false and fraudulent pretenses and representations as part of a bankruptcy proceeding.

### C. Manner and Means of the Scheme to Defraud

10.  It was part of the scheme and artifice to defraud that the defendants filed and caused to be filed false and fraudulent Statements of Financial Affairs and Bankruptcy Schedules, which they signed and caused to be signed as true and correct, under penalty of perjury, in which the defendants intentionally omitted and concealed material facts, and provided false and misleading information.

11.  It was further part of the scheme and artifice to defraud that the defendants did intentionally conceal and fail to disclose to the United States Trustee all of the bankruptcy estate, including but not limited to business ownership interests, bank accounts, rental property income, other income, and anticipated increases in income.  For example, defendants never disclosed the TG Fabulicious business, the TG Fabulicious Bank Account, the TG Fabulicious intellectual property, the Name Brand business, the Name Brand Bank Account, the 1601 Maple Avenue business, the 1601 Maple Avenue Bank Account, the Turbo Fuel business, the Turbo Fuel Bank Account, the Rental Property Lease, the Rental Property Income, Teresa Giudice's true income, and their anticipated increase in income.

12.  It was further part of the scheme and artifice to defraud

18

that the defendants testified under oath at bankruptcy hearings that their bankruptcy filings were complete and accurate and that all of the bankruptcy estate was disclosed, when in fact defendants knew these statements to be false.

13.  It was further part of the scheme and artifice to defraud that the defendants concealed property belonging to the bankruptcy estate while testifying under oath at bankruptcy hearings.

14.  From on or about October 29, 2009 through at least on or about December 15, 2011, in the District of New Jersey, defendants

GIUSEPPE GIUDICE,
a/k/a "Joe Giudice," and
TERESA GIUDICE,

having devised and intending to devise a scheme and artifice to defraud, and for the purpose of executing and concealing such scheme and artifice, made materially false and fraudulent representations as part of a bankruptcy proceeding under Title 11.

In violation of Title 18, United States Code, Section 157(3) and Section 2.

19

COUNTS 13-18
(Bankruptcy Fraud - Concealment)

1.   Paragraph 1 of Count 1 and Paragraph 8 of Count 12 of this
Indictment are hereby realleged and incorporated as if set forth in
full herein.

2.   On or about the dates set forth below, the defendants set
forth below did knowingly and fraudulently conceal from a custodian,
trustee, marshal, and other officer of the court charged with the
control and custody of property, and, in connection with a case under
Title 11, from creditors and the United States Trustee, the following
property belonging to the estate of a debtor:

| COUNT | DEFENDANT(S) | DATE | PROPERTY CONCEALED | MANNER OF CONCEALMENT |
|---|---|---|---|---|
| 13 | GIUSEPPE GIUDICE TERESA GIUDICE | 10/29/09 | TG Fabulicious business; TG Fabulicious Bank Account; Fabulicious intellectual property; Name Brand business; Name Brand Bank Account; 1601 Maple Avenue business; 1601 Maple Avenue Bank Account; Turbo Fuel business; Turbo Fuel Bank Account; Rental Property Lease; Rental Property Income; Teresa Giudice's true income; anticipated increase in income | Not disclosed in 10/29/09 bankruptcy filings |

| 14 | GIUSEPPE GIUDICE TERESA GIUDICE | 12/15/09 | TG Fabulicious business; TG Fabulicious Bank Account; Fabulicious intellectual property; Name Brand business; Name Brand Bank Account; 1601 Maple Avenue business; 1601 Maple Avenue Bank Account; Turbo Fuel business; Turbo Fuel Bank Account; Rental Property Lease; Rental Property Income; Teresa Giudice's true income; anticipated increase in income | Not disclosed in 12/17/09 bankruptcy filings |
| 15 | TERESA GIUDICE | 12/23/09 | Rental Property Lease; Rental Property Income; Teresa Giudice's true income | Not disclosed at her 12/23/09 Rule 2004 examination |
| 16 | GIUSEPPE GIUDICE TERESA GIUDICE | 1/8/10 | TG Fabulicious business; TG Fabulicious Bank Account; Fabulicious intellectual property; Name Brand business; Name Brand Bank Account; 1601 Maple Avenue business; 1601 Maple Avenue Bank Account; Turbo Fuel business; Turbo Fuel Bank Account; Rental Property Lease; Rental Property Income; Teresa Giudice's true income; anticipated increase in income | Not disclosed in 1/8/10 bankruptcy filings |

| 17 | GIUSEPPE GIUDICE TERESA GIUDICE | 3/2/10 | TG Fabulicious business; TG Fabulicious Bank Account; Name Brand business; Name Brand Bank Account; 1601 Maple Avenue business; 1601 Maple Avenue Bank Account; Turbo Fuel business; Turbo Fuel Bank Account; Rental Property Income; Teresa Giudice's true income | Not disclosed in 3/2/10 bankruptcy filings |
| 18 | TERESA GIUDICE | 6/29/11 | Rental Property Lease; Rental Property Income; Teresa Giudice's true income | Not disclosed at her 6/29/11 adversary proceeding |

In violation of Title 18, United States Code, Sections 152(1) and 2.

COUNTS 19-24
(Bankruptcy Fraud - False Oaths)

1.  Paragraph 1 of Count 1 and Paragraph 8 of Count 12 of this Indictment are hereby realleged and incorporated as if set forth in full herein.

2.  On or about the dates set forth below, the defendants set forth below did knowingly and fraudulently make a false oath and account in and in relation to a case under Title 11 of the United States Code as follows:

| COUNT | DEFENDANT(S) | DATE | PROCEEDING | FALSE OATH(S) |
|-------|--------------|------|------------|---------------|
| 19 | GIUSEPPE GIUDICE TERESA GIUDICE | 12/23/09 | Rule 341 Hearing | All the information in the bankruptcy filings was true and correct |
| 20 | GIUSEPPE GIUDICE | 4/23/10 | Rule 2004 Examination | He never used unfiled tax returns to obtain financing on any properties |
| 21 | TERESA GIUDICE | 4/23/10 | Rule 2004 Examination | The Rental Property was never rented out; there was never a tenant in the Rental Property; information about her income; TG Fabulicious created after the bankruptcy case began |
| 22 | GIUSEPPE GIUDICE | 4/30/10 | Rule 2004 Examination | He did not receive full rental payments each month on the Rental Property; business partner gave him permission to discharge mortgage |
| 23 | GIUSEPPE GIUDICE | 12/15/10 | Adversary Proceeding | Business partner gave him permission to discharge mortgage |

| 24 | TERESA GIUDICE | 6/29/11 | Adversary Proceeding | Her only source of income at time of bankruptcy filing was from Television Show; she did not own any business interests or companies; TG Fabulicious website was not generating any income; Rental Property and income from Rental Property |

In violation of Title 18, United States Code, Sections 152(2) and 2.

COUNTS 25-34
(Bankruptcy Fraud – False Declarations)

1. Paragraph 1 of Count 1 and Paragraph 8 of Count 12 of this Indictment are hereby realleged and incorporated as if set forth in full herein.

2. On or about the dates set forth below, defendants GIUSEPPE GIUDICE and TERESA GIUDICE did knowingly and fraudulently make material false declarations, certificates and verifications under the penalty of perjury, as permitted under Section 1746 of Title 28, in and in relation to a case under Title 11, as follows:

| COUNT | DATE | DOCUMENT | FALSE DECLARATION |
|-------|------|----------|-------------------|
| 25 | 10/29/09 | Bankruptcy Petition | The information provided in the Petition is true and correct |
| 26 | 10/29/09 | Declaration Concerning Debtor's Schedules | The summary of schedules and schedules are true and correct |
| 27 | 10/29/09 | Statement of Financial Affairs | The answers and attachments to the Statement of Financial Affairs are true and correct |
| 28 | 10/29/09 | Statement of Current Monthly Income and Means-Test Calculation | The information provided in the Statement of Current Monthly Income and Means-Test Calculation is true and correct |
| 29 | 12/15/09 | Declaration Concerning Debtor's Schedules | The summary of schedules and schedules are true and correct |
| 30 | 12/15/09 | Statement of Financial Affairs | The answers and attachments to the Statement of Financial Affairs are true and correct |

| 31 | 12/15/09 | Statement of Current Monthly Income and Means-Test Calculation | The information provided in the Statement of Current Monthly Income and Means-Test Calculation is true and correct |
| 32 | 1/8/10 | Statement of Financial Affairs | The answers and attachments to the Statement of Financial Affairs are true and correct |
| 33 | 3/2/10 | Declaration Concerning Debtor's Schedules | The summary of schedules and schedules are true and correct |
| 34 | 3/2/10 | Statement of Financial Affairs | The answers and attachments to the Statement of Financial Affairs are true and correct |

In violation of Title 18, United States Code, Sections 152(3) and 2.

COUNT 35
(Failure to Make Tax Return)

1.    Paragraph 1 of Count 1 of this Indictment is hereby realleged and incorporated as if set forth in full herein.

2.    During the calendar year 2004, GIUSEPPE GIUDICE had and received gross income of approximately $243,919.

3.    Having received this income, GIUSEPPE GIUDICE was required by law, following the close of calendar year 2004, and on or before April 15, 2005, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.

4.    On or about April 15, 2005, in the District of New Jersey, and elsewhere, defendant

GIUSEPPE GIUDICE,
a/k/a "Joe Giudice,"

knowing and believing the foregoing facts, did knowingly and willfully fail to make an income tax return to the Internal Revenue Service.

In violation of Title 26, United States Code, Section 7203 and Title 18, United States Code, Section 2.

27

COUNT 36
(Failure to Make Tax Return)

1.   Paragraph 1 of Count 1 of this Indictment is hereby realleged and incorporated as if set forth in full herein.

2.   During the calendar year 2005, GIUSEPPE GIUDICE had and received gross income of approximately $323,481.

3.   Having received this income, GIUSEPPE GIUDICE was required by law, following the close of calendar year 2005, and on or before April 17, 2006, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.

4.   On or about April 17, 2006, in the District of New Jersey, and elsewhere, defendant

GIUSEPPE GIUDICE,
a/k/a "Joe Giudice,"

knowing and believing the foregoing facts, did knowingly and willfully fail to make an income tax return to the Internal Revenue Service.

In violation of Title 26, United States Code, Section 7203 and Title 18, United States Code, Section 2.

COUNT 37
(Failure to Make Tax Return)

1. Paragraph 1 of Count 1 of this Indictment is hereby realleged and incorporated as if set forth in full herein.

2. During the calendar year 2006, GIUSEPPE GIUDICE had and received gross income of approximately $26,194.

3. Having received this income, GIUSEPPE GIUDICE was required by law, following the close of calendar year 2006, and on or before April 17, 2007, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.

4. On or about April 17, 2007, in the District of New Jersey, and elsewhere, defendant

GIUSEPPE GIUDICE,
a/k/a "Joe Giudice,"

knowing and believing the foregoing facts, did knowingly and willfully fail to make an income tax return to the Internal Revenue Service.

In violation of Title 26, United States Code, Section 7203 and Title 18, United States Code, Section 2.

COUNT 38
(Failure to Make Tax Return)

1.    Paragraph 1 of Count 1 of this Indictment is hereby realleged and incorporated as if set forth in full herein.

2.    During the calendar year 2007, GIUSEPPE GIUDICE had and received gross income of approximately $377,423.

3.    Having received this income, GIUSEPPE GIUDICE was required by law, following the close of calendar year 2007, and on or before April 15, 2008, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.

4.    On or about April 15, 2008, in the District of New Jersey, and elsewhere, defendant

GIUSEPPE GIUDICE,
a/k/a "Joe Giudice,"

knowing and believing the foregoing facts, did knowingly and willfully fail to make an income tax return to the Internal Revenue Service.

In violation of Title 26, United States Code, Section 7203 and Title 18, United States Code, Section 2.

30

## COUNT 39
### (Failure to Make Tax Return)

1.    Paragraph 1 of Count 1 of this Indictment is hereby realleged and incorporated as if set forth in full herein.

2.    During the calendar year 2008, GIUSEPPE GIUDICE had and received gross income of approximately \$25,442.

3.    Having received this income, GIUSEPPE GIUDICE was required by law, following the close of calendar year 2008, and on or before April 15, 2009, to make an income tax return to the Internal Revenue Service stating specifically the items of his gross income and any deductions and credits to which he was entitled.

4.    On or about April 15, 2009, in the District of New Jersey, and elsewhere, defendant

GIUSEPPE GIUDICE,
a/k/a "Joe Giudice,"

knowing and believing the foregoing facts, did knowingly and willfully fail to make an income tax return to the Internal Revenue Service.

In violation of Title 26, United States Code, Section 7203 and Title 18, United States Code, Section 2.

31

FORFEITURE ALLEGATION

1.    The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of noticing forfeiture pursuant to Title 18, United States Code, Sections 981(a)(1)(c) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2.    The United States hereby gives notice to the defendants that upon their convictions of the offenses charged in Counts One through Eleven, and Thirteen through Thirty-Four, of this Indictment, the government will seek forfeiture in accordance with Title 18, United States Code, Sections 981(a)(1)(c) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c), which requires any person convicted of such offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses.

3.    If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

32

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c) and Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of such defendants up to the value of the forfeitable property described in paragraph 2.

A TRUE BILL

Paul J. Fishman/rah
_____
PAUL J. FISHMAN
United States Attorney

33

CASE NUMBER: *13-CR-495 (ES)*

United States District Court
District of New Jersey

**UNITED STATES OF AMERICA**

**v.**

**GIUSEPPE GIUDICE,
a/k/a "Joe Giudice," and
Teresa Giudice**

**INDICTMENT FOR**

```
18 U.S.C. § 152(1)
18 U.S.C. § 152(2)
18 U.S.C. § 153(3)
18 U.S.C. § 157(3)
18 U.S.C. § 1014
18 U.S.C. § 1341
18 U.S.C. § 1343
18 U.S.C. § 1344
18 U.S.C. § 1349
26 U.S.C. § 7203
```

A True Bill,

PAUL J. FISHMAN
*U.S. ATTORNEY*
*NEWARK, NEW JERSEY*

JONATHAN W. ROMANKOW
*ASSISTANT U.S. ATTORNEY*
*973-645-2884*

USA-48AD 8
(Ed. 1/97)