

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Criminal Division*

---

*970 Broad Street, 7th floor*                                    *973-645-2700*
*Newark, New Jersey 07102*

February 21, 2014

Miles Feinstein, Esq
1135 Clifton Avenue
Suite 202
Clifton, NJ 07013

*Cr. 13-495 (ES)*

Re:  Plea Agreement with Giuseppe Giudice a/k/a
     "Joe Giudice"

Dear Mr. Feinstein:

This letter sets forth the plea agreement between your client, Giuseppe Giudice a/k/a "Joe Giudice," and the United States Attorney for the District of New Jersey ("this Office").

Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Giuseppe Giudice to Counts 1, 15, 22, 36, and 37 of the Superseding Indictment, Criminal No. 13-495 (ES), which charge conspiracy to commit mail and wire fraud, contrary to 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349 (Count 1); concealment of assets in violation of 18 U.S.C. § 152(1) (Count 15); false oaths in violation of 18 U.S.C. § 152(2) (Count 22); false declarations in violation of 18 U.S.C. § 152(3) (Count 36); and failure to file income taxes in violation of 26 U.S.C. § 7203 (Count 37). If Giuseppe Giudice enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Giuseppe Giudice for his conduct between in or about September 2001 through in or about June 2011 in conspiring

with others to obtain mortgage loans by means of fraud and misrepresentations; committing bankruptcy fraud by concealing assets, making false oaths, and making false declarations; and failing to file income taxes.  In addition, if Giuseppe Giudice fully complies with all of the terms of this agreement, at the time of sentencing in this matter, this Office will move to dismiss Counts 2 through 14, 16, 18, 19, 21, 24, 25, 27 through 35, and 38 through 41 of the Superseding Indictment, Criminal No. 13-495 (ES), against Giuseppe Giudice.  However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, defendant agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Giuseppe Giudice may be commenced against him, notwithstanding the expiration of the limitations period after Giuseppe Giudice signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 charged in Count 1 to which Giuseppe Giudice agrees to plead guilty carries a statutory maximum prison sentence of 20 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 152(1) charged in Count 15 to which Giuseppe Giudice agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 152(2) charged in Count 22 to which Giuseppe Giudice agrees to plead guilty carries a statutory maximum prison sentence of 5 years and a statutory maximum fine equal to the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 18 U.S.C. § 152(3) charged in Count 36 to which Giuseppe Giudice agrees to plead guilty carries a

statutory maximum prison sentence of 5 years and a statutory
maximum fine equal to the greatest of: (1) $250,000; (2) twice
the gross amount of any pecuniary gain that any persons derived
from the offense; or (3) twice the gross amount of any pecuniary
loss sustained by any victims of the offense.

The violation of 26 U.S.C. § 7203 charged in Count 37 to
which Giuseppe Giudice agrees to plead guilty carries a
statutory maximum prison sentence of 1 year and a statutory
maximum fine equal to the greatest of: (1) $25,000; (2) twice
the gross amount of any pecuniary gain that any persons derived
from the offense; or (3) twice the gross amount of any pecuniary
loss sustained by any victims of the offense.

The sentence on each count may run consecutively.  Fines
imposed by the sentencing judge may be subject to the payment of
interest.

The sentence to be imposed upon Giuseppe Giudice is within
the sole discretion of the sentencing judge, subject to the
provisions of the Sentencing Reform Act, 18 U.S.C. § 3551-
3742, and the sentencing judge's consideration of the United
States Sentencing Guidelines.  The United States Sentencing
Guidelines are advisory, not mandatory.  The sentencing judge may
impose any reasonable sentence up to and including the statutory
maximum term of imprisonment and the maximum statutory fine.
This Office cannot and does not make any representation or
promise as to what guideline range may be found by the sentencing
judge, or as to what sentence Giuseppe Giudice ultimately will
receive.

Further, in addition to imposing any other penalty on
Giuseppe Giudice, the sentencing judge: (1) will order Giuseppe
Giudice to pay an assessment of $100 per count pursuant to 18
U.S.C. § 3013, which assessment must be paid by the date of
sentencing; (2) must order Giuseppe Giudice to pay restitution
pursuant to 18 U.S.C. § 3663 et seq.; (3) may order Giuseppe
Giudice, pursuant to 18 U.S.C. § 3555, to give notice to any
victims of his offenses; (4) may order Giuseppe Giudice to pay
the costs of prosecution; and (5) pursuant to 18 U.S.C. § 3583,
may require Giuseppe Giudice to serve a term of supervised
release of not more than 3 years, which will begin at the
expiration of any term of imprisonment imposed.  Should Giuseppe
Giudice be placed on a term of supervised release and
subsequently violate any of the conditions of supervised release
before the expiration of its term, Giuseppe Giudice may be
sentenced to not more than 2 years' imprisonment in addition to
any prison term previously imposed, regardless of the statutory

maximum term of imprisonment set forth above and without credit
for time previously served on post-release supervision, and may
be sentenced to an additional term of supervised release.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this
Office reserves its right to take any position with respect to
the appropriate sentence to be imposed on Giuseppe Giudice by the
sentencing judge, to correct any misstatements relating to the
sentencing proceedings, and to provide the sentencing judge and
the United States Probation Office all law and information
relevant to sentencing, favorable or otherwise.  In addition,
this Office may inform the sentencing judge and the United States
Probation Office of: (1) this agreement; and (2) the full nature
and extent of Giuseppe Giudice's activities and relevant conduct
with respect to this case.

## Stipulations

This Office and Giuseppe Giudice agree to stipulate at
sentencing to the statements set forth in the attached Schedule
A, which hereby is made a part of this plea agreement.

This agreement to stipulate, however, cannot and does not
bind the sentencing judge, who may make independent factual
findings and may reject any or all of the stipulations entered
into by the parties.  To the extent that the parties do not
stipulate to a particular fact or legal conclusion, each
reserves the right to argue the existence of and the effect of
any such fact or conclusion upon the sentence.

Moreover, this agreement to stipulate on the part of this
Office is based on the information and evidence that this Office
possesses as of the date of this agreement.  Thus, if this
Office obtains or receives additional evidence or information
prior to sentencing that it determines to be credible and to be
materially in conflict with any stipulation in the attached
Schedule A, this Office shall not be bound by any such
stipulation.  A determination that any stipulation is not
binding shall not release either this Office or Giuseppe Giudice
from any other portion of this agreement, including any other
stipulation.  If the sentencing court rejects a stipulation,
both parties reserve the right to argue on appeal or at post-
sentencing proceedings that the sentencing court was within its
discretion and authority to do so.  These stipulations do not
restrict this Office's right to respond to questions from the
Court and to correct misinformation that has been provided to

4

the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Giuseppe
Giudice waive certain rights to file an appeal, collateral
attack, writ, or motion after sentencing, including but not
limited to an appeal under 18 U.S.C. § 3742 or a motion under 28
U.S.C. § 2255.

## Forfeiture

As part of his acceptance of responsibility and pursuant to
18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461,
Giuseppe Giudice agrees to be held jointly and severally liable
with Teresa Giudice, his co-defendant in this matter, for the
total amount of proceeds obtained via conspiracy to commit mail
and wire fraud and bankruptcy fraud, and consents to the entry
of a forfeiture money judgment in that amount (the "Forfeiture
Money Judgment").  The parties agree that the amount of the
Forfeiture Money Judgment shall be determined by the Court at
sentencing.

Giuseppe Giudice acknowledges that the Forfeiture Money
Judgment is subject to forfeiture as property, real or personal,
that constitutes or is derived from proceeds traceable to a
violation of conspiracy to commit mail and wire fraud contrary
to 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349;
concealment of assets in violation of 18 U.S.C. § 152(1); false
oaths in violation of 18 U.S.C. § 152(2); and false declarations
in violation of 18 U.S.C. § 152(3), all of which constitutes
specified unlawful activities within the meaning of 18 U.S.C. §
981(a)(1)(C).

Giuseppe Giudice agrees to the forfeiture of any other
property alleged to be subject to forfeiture in the Superseding
Indictment, including substitute assets, in full or partial
satisfaction of the Forfeiture Money Judgment, and remains
responsible for the payment of any deficiency until the
Forfeiture Money Judgment is paid in full. Giuseppe Giudice
further agrees to fully cooperate with the Office in
establishing a payment plan, surrendering assets, or in any
other action taken by the Office to satisfy the Forfeiture Money
Judgment.

Giuseppe Giudice represents that he has disclosed all of
his assets to the United States on the attached Financial

Disclosure Statement.  Giuseppe Giudice agrees that if the
government determines that he has intentionally failed to
disclose assets on that Financial Disclosure Statement, that
failure constitutes a material breach of this agreement.  In
addition, Giuseppe Giudice consents to the administrative,
civil, and/or criminal forfeiture of his interests in any assets
that he failed to disclose on the Financial Disclosure
Statement.  Should undisclosed assets that the defendant owns or
in which the defendant has an interest be discovered, Giuseppe
Giudice knowingly and voluntarily waives his right to any
required notice concerning the forfeiture of said assets.
Giuseppe Giudice further agrees to execute any documents
necessary to effectuate the forfeiture of said assets.

Giuseppe Giudice further agrees to consent to the immediate
entry of an order of forfeiture for the Forfeiture Money
Judgment and waives the requirements of Rules 32.2 and 43(a) of
the Federal Rules of Criminal Procedure regarding notice of the
forfeiture in the charging instrument, announcement of the
forfeiture at sentencing, and incorporation of the forfeiture in
the judgment.  Giuseppe Giudice understands that the forfeiture
of the Forfeiture Money Judgment is part of the sentence that
may be imposed in this case and waives any failure by the court
to advise him of this pursuant to Rule 11(b)(1)(J) of the
Federal Rules of Criminal Procedure at the guilty plea
proceeding.

Giuseppe Giudice hereby waives any and all claims that this
forfeiture constitutes an excessive fine and agrees that this
forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Giuseppe Giudice understands that, if he is not a citizen
of the United States, his guilty plea to the charged offenses
may result in his being subject to immigration proceedings and
removed from the United States by making him deportable,
excludable, or inadmissible, or ending his naturalization.
Giuseppe Giudice understands that the immigration consequences
of this plea will be imposed in a separate proceeding before the
immigration authorities.  Giuseppe Giudice wants and agrees to
plead guilty to the charged offenses regardless of any
immigration consequences of this plea, even if this plea will
cause his removal from the United States.  Giuseppe Giudice
understands that he is bound by his guilty plea regardless of
any immigration consequences of the plea.  Accordingly, Giuseppe

Giudice waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Giuseppe Giudice.  This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement), or any third party from initiating or prosecuting any civil or administrative proceeding against Giuseppe Giudice.

Prior to the date of sentencing, Giuseppe Giudice shall: (1) file accurate personal returns for calendar years 2000 through 2011; (2) provide all appropriate documentation to the Internal Revenue Service in support of such returns, upon request; (3) pay to the Internal Revenue Service all taxes and any penalties owed on those returns or, if unable to do so, make satisfactory repayment arrangements with the Internal Revenue Service; and (4) fully cooperate with the Internal Revenue Service and comply with the tax laws of the United States. Further, Giuseppe Giudice agrees to allow the contents of his IRS criminal file to be given to civil attorneys and support staff of the Internal Revenue Service to enable them to investigate any and all civil penalties that may be due and owing by Giuseppe Giudice.  With respect to disclosure of the criminal file to the Internal Revenue Service, Giuseppe Giudice waives any rights under Title 26, United States Code, Section 7213 and Fed. R. Crim. P. 6(e), and any other right of privacy with respect to Giuseppe Giudice's tax returns and return information.

7

No Other Promises

This agreement constitutes the plea agreement between Giuseppe Giudice and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By:  JONATHAN W. ROMANKOW
RACHAEL A. HONIG
Assistant U.S. Attorneys

APPROVED:

DAVID E. MALAGOLD,
Unit Chief, Criminal Division

I have received this letter from my attorney, Miles Feinstein, Esq.  I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.


AGREED AND ACCEPTED:


_____          Date: FEBRUARY 26, 2014
Giuseppe Giudice


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____          Date: FEBRUARY 26, 2014
Miles Feinstein, Esq.


9

Plea Agreement With Giuseppe Giudice

Schedule A

1. This Office and Giuseppe Giudice recognize that the United States Sentencing Guidelines are not binding upon the Court.  This Office and Giuseppe Giudice nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Giuseppe Giudice within the Guidelines range that results from the total Guidelines offense level set forth below.  This Office and Giuseppe Giudice further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level.

2. The version of the United States Sentencing Guidelines effective November 1, 2013 applies in this case.

Fraud Counts - Group One

3. Counts 1, 15, 22, and 36 of the Superseding Indictment ("Group One") constitute closely related counts for which the offense level is determined largely on the basis of the total amount of loss within the meaning of U.S.S.G. §§ 3D1.1 and 3D1.2(d).  Therefore, those counts are grouped together. Pursuant to § 3D1.3(b), the offense level applicable to the Group is the offense level corresponding to the aggregated quantity of the loss, applying the offense guideline that produces the highest offense level.

4. The offense guideline applicable to Group One is § 2B1.1(a)(1)(B), which carries a Base Offense Level of 7.

5. Specific Offense Characteristic § 2B1.1(b)(1)(H) applies since the loss resulting from the defendant's conduct was more than $400,000 but less than $1,000,000, resulting in an increase of 14 levels.

6. Specific Offense Characteristic § 2B1.1(b)(9)(B) applies since the offense involved a misrepresentation or other fraudulent action during the course of a bankruptcy proceeding, resulting in an increase of 2 levels.

7. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Group One is 23.

10

Tax Count - Group Two

8. Count 37 of the Superseding Indictment constitutes Group Two. The offense Guideline applicable to Group Two is U.S.S.G. § 2T1.1(a)(1). Giuseppe Giudice knowingly and willfully failed to report a total of $1,246,460 in individual income to the Internal Revenue Service for the years 2000 through 2008, resulting in a total tax loss of $224,211. Giuseppe Giudice agrees that the tax losses for each of these years should be included as relevant conduct pursuant to U.S.S.G. § 1B1.3.

9. Since the offense involved a tax loss of more than $200,000 but less than $400,000, this results in a Base Offense Level for Group Two of 18 pursuant to U.S.S.G. § 2T4.1(G).

10. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Group Two is 18.

Grouping Analysis

11. Group One and Group Two do not constitute closely related counts and may not be grouped together. Pursuant to U.S.S.G. § 3D1.4, the combined offense level for both groups is determined by taking the offense level attributable to Group One, as the group with the highest offense level, and increasing that offense level by 1, because Group Two is 5 to 8 levels less serious than Group One. Accordingly, the combined offense level for Groups One and Two is 24.

12. As of the date of this letter, Giuseppe Giudice has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Giuseppe Giudice's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

13. As of the date of this letter, Giuseppe Giudice has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in

11

Giuseppe Giudice's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met:   (a) Giuseppe Giudice enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Giuseppe Giudice's acceptance of responsibility has continued through the date of sentencing and Giuseppe Giudice therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Giuseppe Giudice's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

14. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Giuseppe Giudice is 21 (the "agreed total Guidelines offense level").

15. The parties agree not to seek or argue for any upward or downward departure, adjustment or variance not set forth herein.   The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level of 21 is reasonable.

16. Giuseppe Giudice knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 21.   This Office will not file any appeal, motion, or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 21.   The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category.   The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

17. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal,

12

collateral attack, writ or motion not barred by the preceding
paragraph.