2009R00763
JR/RH/ESW/gr

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>GIUSEPPE GIUDICE,<br><br>*Defendant.* | Honorable Esther Salas, U.S.D.J.<br><br>Criminal No. 13-495<br><br>ORDER OF FORFEITURE<br>(MONEY JUDGMENT) |

**WHEREAS**, on or about March 4, 2014, Giuseppe Giudice (the "defendant") pleaded guilty pursuant to a plea agreement with the United States, to Counts 1, 15, 22, 36, and 37 of the Superseding Indictment, which charge the defendant with conspiracy to commit mail and wire fraud, contrary to 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349 (Count 1); concealment of assets in violation of 18 U.S.C. § 152(1) (Count 15); false oaths in violation of 18 U.S.C. § 152(2) (Count 22); false declarations in violation of 18 U.S.C. § 152(3) (Count 36); and failure to file income taxes in violation of 26 U.S.C. § 7203 (Count 37);

**WHEREAS,** pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461, a person convicted of violation of conspiracy to commit mail and wire fraud contrary to 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1349; concealment of assets in violation of 18 U.S.C. § 152(1); false oaths in violation of 18 U.S.C. § 152(2); and false declarations in violation of 18 U.S.C. § 152(3), all of which constitutes specified unlawful activities within the meaning of 18 U.S.C. § 981(a)(1)(C), as alleged in the Superseding Indictment, shall forfeit

to the United States all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of such offense;

**WHEREAS**, the property subject to forfeiture by defendant Giuseppe Giudice includes a sum of money equal to $414,588.90 (the "Forfeiture Money Judgment"), for which the defendant shall be held jointly and severally liable with Teresa Giudice, his co-defendant in this matter, because it represents property, real or personal, that constitutes or is derived from proceeds traceable to the violations charged in the Superseding Indictment to which defendant Giuseppe Giudice has pleaded guilty;

**WHEREAS** if by any act or omission of the defendant, any property subject to forfeiture:

  (A) cannot be located upon the exercise of due diligence;

  (B) has been transferred or sold to, or deposited with, a third party;

  (C) has been placed beyond the jurisdiction of the court;

  (D) has been substantially diminished in value; or

  (E) has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of the property subject to forfeiture pursuant to 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c); and

**WHEREAS**, Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure provides that no ancillary proceeding is required to the extent that the forfeiture consists of a money judgment;

**WHEREAS** Teresa Giudice, the co-defendant in this matter, tendered to the United States, a check in the amount of $200,000.00 (the "Tendered Funds"), received on or about October 6, 2014;

**WHEREAS** defendant Giuseppe Giudice:

(1) Pursuant to his plea agreement, consents to the forfeiture to the United States of $414,588.90 as a sum of money that represents property, real or personal, that constitutes or is derived from proceeds traceable to the violations charged in the Superseding Indictment;

(2) Pursuant to his plea agreement, consents to the imposition of a money judgment in the amount of $414,588.90, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461, and agrees that this Order is final at the time of its entry by the Court, pursuant to Rule 32.2(b)(4)(A) of the Federal Rules of Criminal Procedure;

(3) Pursuant to his plea agreement, waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of forfeiture in the charging instrument, announcement of the forfeiture in the defendant's presence at sentencing, and incorporation of the forfeiture in the Judgment of Conviction;

(4) Also pursuant to his plea agreement, acknowledges that he understands that forfeiture of property will be part of the sentence imposed upon him in this case and waives any failure by the Court to advise him of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), during the plea hearing;

(5) Additionally, pursuant to his plea agreement, the defendant agrees to the forfeiture of any other property alleged to be subject to forfeiture in the Superseding Indictment, including substitute assets, in full or partial satisfaction of the Forfeiture Money Judgment; remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full; agrees to cooperate with the United States in establishing a payment plan, surrendering assets, or in any other action taken by the United States to satisfy the Money Judgment;

(6) Shall consent promptly upon request to the entry of any orders deemed necessary by the government or the Court to complete the forfeiture and disposition of property forfeited to satisfy the Forfeiture Money Judgment;

(7) Shall hold the United States and its agents and employees harmless from, any and all claims whatsoever in connection with the seizure, forfeiture, and disposal of the property described above; and

(8) Waives all constitutional and statutory challenges of any kind to any forfeiture carried out pursuant to this Order of Forfeiture;

**WHEREAS,** good and sufficient cause has been shown,

It is hereby **ORDERED, ADJUDGED, AND DECREED:**

**THAT**, as a result of the offenses charged in the Superseding Indictment, to which the defendant Giuseppe Giudice has pleaded guilty, the defendant shall forfeit to the United States the sum of $414,588.90. A Forfeiture Money Judgment in the amount of $414,588.90 (the "Money Judgment") is hereby

entered against the defendant, jointly and severally with Teresa Giudice, his co-defendant in this matter, pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A) and 28 U.S.C. § 2461, and Federal Rule of Criminal Procedure 32.2(b).

**IT IS FURTHER ORDERED** that this Order is final as to the defendant, shall be deemed part of the sentence of the defendant, and shall be included in the judgment of conviction therewith.

**IT IS FURTHER ORDERED** that pursuant to 21 U.S.C. § 853, the United States Marshals Service is authorized to deposit the Tendered Funds in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

**IT IS FURTHER ORDERED** that the United States may move at any time pursuant to Rule 32.2(e) and 21 U.S.C. § 853(p) to amend this Order of Forfeiture to include substitute property having a value not to exceed $214,588.90 in United States currency to satisfy the Money Judgment in whole or in part.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure.

**IT IS FURTHER ORDERED** that, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, upon entry of this Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents, and issuance of subpoenas.

**ORDERED** this \_\_\_10th\_\_\_ day of \_\_November\_\_\_\_, 2014.

_____
Honorable Esther Salas
United States District Judge